■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE PANTUSCO, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 17, 1983, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

At about 3:30 A.M. on March 15, 1983, two police officers observed defendant carrying an open bottle of liquor on Broadway in the City of Kingston in Ulster County. The officers arrested defendant for violation of the city's open containers law, which makes it unlawful "for any person to appear on a public highway or thoroughfare * * * in possession of an open container which contains any form of alcoholic beverage" (Ordinance Creating an Open Containers Law in the City of Kingston, April 5, 1978, § 3, as amd). Upon arrest, the officers noticed that "it appeared like [defendant] had something hid inside of his jacket or of his pocket, and he also had a wooden object *sticking* out of his rear pocket". Officer James Brooks took the wooden object from defendant's pocket; it turned out to be an ice pick. Defendant was then read his rights, patted down, and his pockets were emptied. The search revealed, in addition to the ice

pick, $48.97 in United States currency, a gold-colored metal cross, a cue ball, one Bic lighter, a little metal insert, a Zippo lighter, 12 bags of peanuts, one box of Band-Aids, 44 lottery tickets, a film container with a small amount of marihuana in it, and an open carton of Newport cigarettes with seven packs left in it.

Within minutes of the search, other police officers informed Brooks and his partner of a possible burglary at a local tavern, George and Nan's, located only 80 yards from where the officers first spotted defendant. Brooks and his partner went to the tavern where the owner identified as his the gold-colored cross and the Band-Aid box with the lottery tickets in it. Later, at police headquarters, the owner also identified the ice pick, the Bic lighter, the metal insert, the Zippo lighter, and the spout of the liquor bottle which defendant had dropped on the sidewalk just before his arrest, causing it to shatter.

Subsequently, defendant was indicted for burglary in the third degree and criminal possession of stolen property in the third degree. On May 16, 1983, defendant made an omnibus motion to, *inter alia,* suppress the seized items on the ground that the search and seizure was unlawful and unreasonable.

A suppression hearing was held and the probable cause for defendant's arrest was challenged, defendant's counsel arguing, in pertinent part, that the police officers could not have observed that the bottle defendant was carrying was open. County Court denied the suppression motion after hearing Brooks' testimony, the only witness called at the hearing. That same date, defendant entered a plea of guilty to the first count of the indictment, burglary in the third degree, in satisfaction of both counts. Defendant was subsequently sentenced and this appeal ensued.

Defendant's sole argument is that County Court erred by not suppressing the items seized. Specifically, for the first time on appeal, defendant asserts that the search and seizure was not made incident to a valid arrest since, he contends, the City of Kingston's open containers ordinance is unconstitutional. This contention must be rejected. Even if we were to find that the ordinance in question was unconstitutional and that defendant did not waive the instant argument by not presenting it prior to appeal, we would affirm County Court's determination.

In *Michigan v De Fillippo* (443 US 31), the Supreme Court held that an arrest made in good-faith reliance on an ordinance, which at the time had not been declared unconstitutional, is valid regardless of a subsequent judicial determination of its unconstitutionality if supported by probable cause. Moreover, a

search incident to such a lawful arrest is valid (*id.*). Consequently, since the instant arrest was made pursuant to an ordinance not declared unconstitutional at that time, and it was supported by probable cause to believe that defendant had violated the ordinance, the search and seizure incident thereto was valid and the items seized pursuant thereto need not have been suppressed. The judgment should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.