OPINION OF THE COURT
Ronald J. McGaw, J.
Procedural History
Defendant is charged with criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, and with littering in violation of Code of Ordinances, City of Poughkeepsie, New York § 9-47. After motions were filed, the defendant failed to appear in court and a bench warrant was issued for his arrest. Upon being returned on the *434 warrant, and upon bail being set, the defendant requested that this motion be decided on an expedited basis.
Basis for Motion to Dismiss
The accusatory instrument charging criminal possession alleges that the defendant “did litter by throwing a white paper on the ground.” The defendant was taken into custody pursuant to a local littering ordinance. A search incidental to the defendant’s arrest revealed the substance upon which the criminal charge is based. The defendant now seeks, among other things, dismissal of the criminal possession charge. Defendant argues that, “even assuming for the purpose of this motion that the defendant was properly arrested for littering, this alone did not give the authorities the unfettered right to search the defendant.” Defendant cites as support for this proposition People v Muhammad (120 AD2d 937, 939 [4th Dept 1986], citing People v St. Clair, 80 AD2d 691 [3d Dept 1981], affd 54 NY2d 900). The court rules on this portion of the defendant’s motion first.
Analysis
The defendant’s reliance on Muhammad (supra) is misplaced. Muhammad states (at 939) as follows:
“Even assuming, however, that defendant carried an open beer bottle or was drinking beer, the officer would not have been authorized to frisk or search defendant for a suspected violation of an ordinance.” (Emphasis added.)
This reference does not, as the defendant suggests, stand for the proposition that a police officer cannot search a defendant pursuant to an arrest for a local ordinance. Indeed, the defendant in Muhammad “was not charged with, or cited for, a violation of the Open Container Law.” (People v Muhammad, supra, at 939.) Rather, Muhammad merely restates the proposition that a search must be authorized by law and may not, without more, be based merely on the fact that a defendant is suspected of violating an ordinance. To the contrary, an arrest made in good-faith reliance on an ordinance, which at the time has not been declared unconstitutional, is valid if supported by probable cause. Moreover, a search incidental to such a lawful arrest is valid. (People v Pantusco, 107 AD2d 854, 855-856 [3d Dept 1985], citing Michigan v DeFillippo, 443 US 31.)
In Pantusco (supra), two police officers observed defendant carrying an open bottle of liquor on a public street in the City *435 of Kingston, New York. The officers arrested the defendant for violation of the city’s open container law. A search incidental to the arrest revealed evidence of a burglary, and the defendant was subsequently indicted for burglary. In upholding the defendant’s conviction for burglary, the Appellate Division found that the defendant’s arrest was made pursuant to an ordinance that had not been declared unconstitutional, and that the arrest had been based on probable cause to believe that the defendant had violated the ordinance. Thus, “the search and seizure incident thereto was valid and the items seized pursuant thereto need not have been suppressed.” (People v Pantusco, 107 AD2d, at 856.)
In the instant case, the local ordinance for which the defendant was arrested (Code of Ordinances, City of Poughkeepsie, New York § 9-47) has not been declared unconstitutional. Furthermore, that ordinance, read in conjunction with section 1-8 of the same code, specifically provides for the possibility of imprisonment.[1] Therefore, the defendant’s arrest made pursuant to Code of Ordinances § 9-47 must be deemed valid if based on probable cause.[2] Consequently, a search and seizure incident thereto would also be valid.
Therefore, for the reasons set forth above, it is the opinion of the court that the defendant’s motion (based on the assumption that the defendant was properly arrested) must be denied. This court makes no ruling at this time, however, as to whether probable cause did in fact exist for the arrest, and no probable cause hearing is being scheduled at this time despite the willingness of the People to consent to such a hearing. Rather, if the defendant determines upon consideration of this opinion *436 that a further motion concerning probable cause is appropriate, such a motion will be considered as being based on good cause.
Other Requests for Relief
2. Denies the motion for an order granting discovery and inspection in that no dispute has arisen as to these matters.
3. Grants a Sandoval hearing to be held immediately before trial, and grants Ventimiglia notification pursuant to CPL 240.43 to be provided immediately before trial.
4. Grants the motion for Brady material, if any. As to the scope of the People’s obligation in this regard, the court makes no comment until such time as a specific dispute arises.
5. Grants defendant’s motion for leave to file an additional motion as to the issue of probable cause, as set forth above, but denies request to file additional motions except upon a showing of good cause.
All parties are directed to appear on December 1, 2000 for further proceedings.

. Code of Ordinances, City of Poughkeepsie, New York § 1-8 (a) states as follows: “Whenever in this Code or in any ordinance or resolution of the city any act is prohibited or is made or declared to be unlawful * * * where no specific penalty is provided therefor, the violation of any such provision * * * shall constitute disorderly conduct and shall be punished by a fine not exceeding fifty dollars ($50.) or by imprisonment not exceeding six months, or both.” Furthermore, no specific penalty is provided for in Code of Ordinances § 9-47. (See also, Matter of Lurie v District Attorney of Kings County, 56 Misc 2d 68, 72 [Sup Ct, Kings County 1968] [“many local laws, charters and ordinances authorized local police to arrest for ‘breaches of the peace’ which included ‘disorderly conduct’ ”].)

. CPL 140.10 (1) (a) provides that a police officer may arrest a person for “[a]ny offense when he has reasonable cause to believe that such person has committed such offense in his presence.” Furthermore, Penal Law § 10.00 (1) defines “offense” as “conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state.”