OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed upon the law and facts, simplified traffic information dismissed and fine, if paid, remitted.
Officer Jose Febo testified at trial that he had observed a 1993 Volkswagen, driven by defendant’s son, without headlights and taillights and pulled it over to the shoulder of the road. After a short interview with the driver of the vehicle, he decided to conduct a field sobriety test. Before commencing said test, a Cadillac, driven by defendant, stopped on the shoulder of the road a short distance away. The testimony adduced at trial revealed that the defendant had stopped because he was concerned for his son’s welfare. The defendant exited the Cadillac and approached the officer, whereupon the officer ordered the defendant to return to his vehicle. As the defendant continued to approach, the officer gestured as if he were about to remove his handcuffs from his belt, and pointed to defendant’s automobile, indicating that defendant should return to his vehicle. After the officer directed defendant on four occasions to return to his vehicle, the defendant complied with the order. Upon completion of his investigation with defendant’s son, he issued a simplified traffic information to the defendant, charging him with violating Vehicle and Traffic Law § 1102.
Vehicle and Traffic Law § 1102 is “designed to compel obedience to an order of a police officer regulating the control or movement of traffic” (People v Bohn, 91 Misc 2d 132 [1977]). The evidence adduced at trial failed to demonstrate that the officer’s order directing the defendant to return to his vehicle involved regulating the control or movement of traffic. Consequently, defendant’s actions did not fall within the scope of section 1102 (see Bohn, 91 Misc 2d at 132; People v D'Amico, NYLJ, Sept. 19, 2000, at 30, col 6 [App Term, 2d & 11th Jud Dists]; see also Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1102, at 449).
McCabe, EJ., and Rudolph, J., concur; Angiolillo, J., taking no part.