■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CANAL, Appellant. [805 NYS2d 731]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 1, 2003 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was observed on Dana Avenue in the City of Albany drinking beer from a bottle. He was arrested for violating the City of Albany's open container ordinance, and a subsequent search of his person revealed nine pieces of crack cocaine. As a consequence, defendant was indicted and charged with criminal possession of a controlled substance in the third and fifth degrees. Following a *Dunaway/Mapp* hearing, where defendant unsuccessfully sought to suppress the cocaine, he pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 3¹/₂ to 7 years. Defendant now appeals.

We affirm. Contrary to defendant's assertion, where, as here, the police arrest a person for an offense committed in their presence, they are justified in conducting a search incident to that arrest (*see People v Pantusco*, 107 AD2d 854, 855-856 [1985] [search incident to arrest for violation of open container ordinance]).

Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.