# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1379**
**KA 11-01306**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                          MEMORANDUM AND ORDER

BRYAN M. KALIKOW, DEFENDANT-RESPONDENT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR APPELLANT.

ANTHONY J. DIMARTINO, JR., OSWEGO, FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Oswego County Court (Walter W. Hafner, Jr., J.), dated July 19, 2010.  The order, among other things, granted the motion of defendant to suppress evidence and statements.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum:  On appeal from an order suppressing evidence seized from defendant along with statements that he made to the police, the People contend that the warrantless search of defendant was permissible.  As the People correctly contend, the police may lawfully arrest a person for violating an ordinance and conduct a search incident to that arrest (*see People v Canal*, 24 AD3d 1034, *lv denied* 6 NY3d 846; *People v Taylor*, 294 AD2d 825; *People v Pantusco*, 107 AD2d 854, 855-856).  If there is no arrest, however, there can be no search incident thereto (*see People v Evans*, 43 NY2d 160, 165-166; *People v Erwin*, 42 NY2d 1064, 1065).  The record here supports County Court's determination that a police officer merely issued an appearance ticket to defendant for violating a municipal open container ordinance and had no intention of performing a custodial arrest, but that defendant nevertheless was searched.  We therefore cannot agree with the People that the search was justified as a search incident to a lawful arrest (*see Erwin*, 42 NY2d at 1065; *cf. Canal*, 24 AD3d 1034; *Taylor*, 294 AD2d at 826).

Entered:  December 23, 2011                                Frances E. Cafarell
                                                          Clerk of the Court