■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v· PAUL D. MITCHELL, Appellant. [48 NYS3d 488]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Paradiso, J.), rendered March 4, 2015, convicting him of assault in the second degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence.

Ordered that the judgment is affirmed.

After a police officer responded to a report of a large and disorderly group near an apartment complex, he saw the defendant allegedly holding what appeared to be an open bottle of beer. A police officer was injured during a struggle to subdue and arrest the defendant, and a small amount of crack cocaine was recovered from the defendant's pocket. The defendant was charged with several crimes arising from the incident, and he moved to suppress the crack cocaine. After the County Court held a suppression hearing, it denied the motion. The defendant proceeded to trial, where he was convicted, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [3]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and resisting arrest (Penal Law § 205.30). The defendant, however, was acquitted of violating the Village of Freeport's "open container" ordinance (*see* Code of Village of Freeport § 155-11 [A]) and of one of the two counts of assault in the second degree. On appeal, the defendant raises several claims regarding, among other things, the denial of his motion to suppress the crack cocaine and the legal sufficiency and weight of the evidence. We affirm.

According to the testimony at the suppression hearing, a police officer observed the defendant standing in the middle of a street holding what appeared to be a half-full bottle of beer, in violation of section 155-11(A) of the Code of the Village of Freeport. After the officer asked the defendant several questions, the defendant took several steps away, and the officer put his hand on the defendant's back to keep him from leaving. The defendant flailed his arm at the officer and turned fully away from him as if about to flee. Several officers then grabbed the defendant, and the defendant and the officers engaged in a struggle that lasted several minutes.

Based on the evidence that the County Court found to be credible, the police had probable cause to arrest the defendant for violating the Village's open-container law (*see* CPL 140.10; *see also People v Lewis*, 50 AD3d 595, 595 [2008]). Although the officer who first observed the defendant may have initially intended only to issue a summons (*cf. People v Miranda*, 19 NY3d 912, 913 n [2012]), the situation changed when the struggle began, and the police clearly were in the course of a lawful arrest by the time they recovered the crack cocaine from the defendant's pocket (*see People v Canal*, 24 AD3d 1034, 1035 [2005]; *cf. People v Kalikow*, 90 AD3d 1558, 1558-1559 [2011]; *People v Bothwell*, 261 AD2d 232, 235 [1999]). Accordingly, the seizure of the crack cocaine from the defendant was lawful, and the court properly denied suppression of the crack cocaine (*see People v Lewis*, 50 AD3d at 595-596; *People v Canal*, 24 AD3d at 1035; *People v Taylor*, 294 AD2d 825, 826 [2002]).

The defendant's contentions that the prosecution failed to present legally sufficient evidence of the elements of "lawful duty" of second-degree assault (Penal Law § 120.05 [3]; *see Matter of Kalexis R.*, 85 AD3d 927, 928 [2011]), and "authorized arrest" of resisting arrest (Penal Law § 205.30; *see Matter of Kalexis R.*, 85 AD3d at 928) are unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove those elements beyond a reasonable doubt. Further, viewing the evidence in the light most favorable to the prosecution (*see id.*), we find that it was legally sufficient to establish the "physical injury" element of the crime of assault in the second degree beyond a reasonable doubt (Penal Law § 10.00 [9]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (*see*

*People v Romero*, 7 NY3d 633 [2006]). The defendant's acquittal of the open-container violation does not, given the entire record of the trial, convince us otherwise (*see People v Martin*, 222 AD2d 528, 529 [1995]; *see generally People v Rayam*, 94 NY2d 557, 563 n [2000]; *cf. People v Lindsey*, 52 AD3d 527, 529-530 [2008]; *cf. generally People v Yarrell*, 75 NY2d 828 [1990]).

The defendant's remaining contention is without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.