Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered November 30, 2016, convicting him of resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Blumenfeld, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence. By decision and order on motion dated December 20, 2016, this Court, inter alia, granted the defendant’s motion to stay execution of the judgment pending the hearing and determination of the appeal.
 

 Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, count seven of the indictment charging resisting arrest is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
 

 On the night of June 24, 2013, police officers received a radio call for an incident involving a “man with a firearm.” The radio call did not provide a description of the suspect. When the officers arrived at the alleged location of the incident, the complainant stated that while he was walking home from a store where he worked, he was “approached by a male black in a white BMW” who “pointed a gun out the window at him.” The complainant led the officers down a block, pointed to two black males standing in the driveway of a house, and stated “that’s them.” The complainant did not identify which of the two men had threatened him with the firearm. The two men were later identified as the defendant and Anthony Legister. Officers Evan Marro and Dominic Scicutella testified at trial that the defendant and Legister had been standing near a silver Mercedes that was parked in the driveway, and that there was a white BMW parked in the street perpendicular to the driveway such that it blocked the Mercedes in the driveway. Officer Marro testified that he saw Legister toss a silver metal object into the trunk of the Mercedes and then close the trunk. The officers approached the defendant and Legister and frisked them. After the defendant refused to provide identification, and Officer Marro removed the defendant’s passport from his back pocket, the defendant fled on foot. The officers were unable to apprehend him at that time. Upon a search of the Mercedes, the officers found two firearms and marijuana in the trunk. The defendant was arrested approximately six months later.
 

 At trial, the complainant was unable to identify the defendant as the individual who had pointed the firearm at him. However, the complainant testified that earlier in the day on June 24, 2013, he had gotten into a verbal altercation with a taxi driver at the store where he worked because the taxi driver was attempting to solicit business there. He testified that the taxi driver and the male in the BMW who pointed the firearm at him were the individuals in the driveway to whom he directed the police officers. He further testified that the male who fled from the officers had pointed the firearm at him.
 

 The defendant was convicted of resisting arrest. He was acquitted of four counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and unlawful possession of marijuana.
 

 A person is guilty of resisting arrest when he or she intentionally prevents or attempts to prevent a police officer from effectuating an authorized arrest of himself or herself or another person (see Penal Law § 205.30). “A key element of resisting arrest is the existence of an authorized arrest, including a finding that the arrest was premised on probable cause” (People v Jensen, 86 NY2d 248, 253 [1995]; see People v Finch, 23 NY3d 408, 416 [2014]; People v Kevin W., 91 AD3d 676, 678 [2012], affd 22 NY3d 287 [2013]). Although the defendant’s contention that the prosecution failed to present legally sufficient evidence of an authorized arrest is unpreserved for appellate review (see People v Mitchell, 148 AD3d 730, 731 [2017]), we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; People v James, 135 AD3d 787, 788 [2016]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we agree with the defendant that the evidence was not legally sufficient to establish the element of authorized arrest because, as a matter of law, the evidence failed to establish that the police had probable cause to arrest the defendant. Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (see People v Sahadeo, 140 AD3d 1093 [2016]; People v Nealy, 32 AD3d 400, 401 [2006]; People v Griffin, 15 AD3d 502 [2005]). However, at the time that the complainant pointed to the defendant and Legister and stated “that’s them,” the police officers had only been informed that one individual pointed a firearm at the complainant. Therefore, under the circumstances presented here, the officers could not have concluded that it was more probable than not that the defendant, and not Legister, had been driving the white BMW and pointed a firearm at the complainant. Accordingly, the evidence was legally insufficient to establish the defendant’s guilt of the crime of resisting arrest.
 

 In light of our determination, we need not reach the defendant’s remaining contentions.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.