People v Liggins (2020 NY Slip Op 03803)





People v Liggins


2020 NY Slip Op 03803


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2015-06118
 (Ind. No. 7377/12)

[*1]The People of the State of New York, respondent,
v
Jeffrey Liggins, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sullivan & Cromwell LLP [David Salter], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered July 2, 2015, as amended July 13, 2015, convicting him of criminal sexual act in the second degree (two counts) and sexual abuse in the second degree (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that the admission of certain DNA evidence at trial violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Degracia, 173 AD3d 1199, 1200; People v Davis, 171 AD3d 1209, 1209). The defendant's contention that his counsel was ineffective for failing to preserve the Confrontation Clause issue is without merit (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). The Confrontation Clause issue was not " so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it'" (People v Rodriguez, 31 NY3d 1067, 1068, quoting People v McGee, 20 NY3d 513, 518).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court