People v Sterling (2020 NY Slip Op 51551(U))

[*1]

People v Sterling (Kelvin)

2020 NY Slip Op 51551(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-601 N CR

The People of the State of New York,
Respondent,
against
Kelvin Sterling, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for
appellant.
Nassau County District Attorney (Yael V. Levy and Madeline Collins of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Valerie
Alexander, J.), rendered February 9, 2018. The judgment convicted defendant, upon a jury
verdict, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of aggravated unlicensed operation of a
motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]).
On appeal, defendant argues that the evidence was legally insufficient because no admissible
evidence showed that the suspension notice had been mailed and, therefore, as a matter of law,
the People did not prove that he knew, or had reason to know, that his driver's license had been
suspended. Defendant concedes that his driver's license was suspended on September 10, 2016,
when he was stopped while driving a vehicle and was, thereafter, charged with the instant offense
of aggravated unlicensed operation of a motor vehicle in the third degree.
At trial, an affidavit of mailing of an order and notice of suspension, which set forth that an
order and notice had been mailed to defendant from the Albany office of the Department of
Motor Vehicles (DMV) on March 3, 2016, was admitted into evidence in order to establish that
defendant knew, or had reason to know, that his driver's license had been suspended. We note
that no Confrontation Clause objection was made during the trial with respect to the admissibility
of the affidavit and, therefore, this issue is unpreserved for review (see CPL 470.05; People v [*2]Liner, 9 NY3d 856, 856-857 [2007]; People v
Fleming, 70 NY2d 947 [1988]; People v Liggens, 185 AD3d 721 [2020]; People v Gibson, 163 AD3d 586,
587 [2018]). Generally, the receipt of a suspension notice from the DMV suffices to provide
notice to the recipient, and "proof of proper mailing gives rise to a presumption that the item was
received by the addressee," which presumption is created "by either proof of actual mailing or
proof of a standard office practice or procedure designed to ensure that items are properly
addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679,
680 [2001]), a formulation adopted for purposes of proving receipt of DMV suspension notices
in criminal proceedings (see e.g. People v Flores,62 Misc 3d 46 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2018]; People v Rhodes, 47 Misc 3d 151[A], 2015 NY Slip Op 50794[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Maldonado, 42 Misc 3d 81, 86 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2013]; People v Outram, 22 Misc 3d 131[A], 2009 NY Slip Op 50162[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
In the case at bar, the DMV employee testified that she has been employed by the DMV for
over 24 years, and currently worked as an administration manager in Garden City. She then
described the DMV's standard office practices and procedures for mailing notices of suspension
and said that each notice and its corresponding envelope bore a unique postal identification
number which allows the DMV to track each piece of mail until it reaches its final destination,
and it will note whether the mail was returned as undeliverable. The subject suspension notice
was mailed to defendant at his address on March 3, 2016. The employee also stated that she has
"worked in Albany," has had "exposure to what goes on in Albany," and she knew the procedure
in Albany for how the documents are created and mailed. She described how the mail is sorted,
placed into envelopes and mailed. We find that this testimony showed that the DMV employee
had personal knowledge of the mailing practices and procedures of the Albany DMV office at the
time the suspension notices are alleged to have been mailed so as to permit meaningful
cross-examination as to the nature of those procedures and whether they were actually followed
(cf. People v Francis, 114 AD3d
699, 700 [2014]).
Viewing the foregoing evidence in the light most favorable to the People (see People v
Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's
favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was
legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of aggravated
unlicensed operation of a motor vehicle in the third degree. Moreover, upon the exercise of our
factual review power (see CPL 470.15 [5]; see People v Danielson, 9 NY3d 342, 348-349 [2007]), while
according great deference to the jury's opportunity to view the witnesses, hear their testimony,
observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383,
410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict
convicting defendant of aggravated unlicensed operation of a motor vehicle in the third degree
was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Furthermore, a review of the record indicates that defendant has not shown that his
"counsel's conduct was egregious and prejudicial" so as to deprive him of a fair trial (People v Ambers, 26 NY3d 313,
317 [2005] [internal quotation marks omitted]). Consequently, we find that defendant received
the effective assistance of counsel under the federal and state standards (see Strickland v
Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714 [*3][1988]). In addition, defendant's contention that inappropriate
conduct by the trial judge deprived him of a fair trial is unpreserved for appellate review, since he
failed to raise any objections at trial, and, in any event, is without merit (see CPL 470.05
[2]; People v Maelia, 37 AD3d
619 [2007]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020