People v Flores (2021 NY Slip Op 50154(U))

[*1]

People v Flores (David)

2021 NY Slip Op 50154(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1048 Q CR

The People of the State of New York,
Respondent,
against
David Flores, Appellant. 

New York City Legal Aid Society (Jose David Rodriguez Gonzalez of counsel), for appellant.
Queens County District Attorney (John M. Castellano , Johnnette Traill and Sharon Y. Brodt of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(David Kirschner, J.), rendered April 12, 2018. The judgment convicted defendant, upon his plea
of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant waived his right to be prosecuted by an information and pleaded guilty to
aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law
§ 511 [1] [a]), one of the charged offenses, in satisfaction of the accusatory instrument. On
appeal, defendant contends that so much of the accusatory instrument as charged him with
aggravated unlicensed operation of a motor vehicle in the third degree was facially insufficient
because it did not sufficiently allege that he knew, or should have known, that his driver's license
had been suspended.
As defendant waived his right to be prosecuted by an information, the facial sufficiency of
the accusatory instrument must be measured by the standard required of misdemeanor complaints
(see People v Dumay, 23 NY3d
518, 522 [2014]). An element of the offense of aggravated unlicensed operation of a motor
vehicle in the third degree is that defendant knew, or had reason to know, that his driver's license
had been suspended (see Vehicle and Traffic Law § 511 [1] [a]). The failure to
allege an element of an offense in a complaint is a nonwaivable jurisdictional defect, which is
reviewable on appeal even after a guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Kalin, 12 NY3d 225, 229
[2009]; People v Konieczny, 2 NY3d 569 [2004]).
A review of the accusatory instrument, together with the supporting deposition, indicates that
the police officer alleged that she had observed defendant operating a motor vehicle, that she
conducted a "computer check of the records of the New York State Department of Motor
Vehicles" relating to defendant, and that the "teletype printout reveal[ed] that at the time of the
above observation" defendant was not a duly licensed driver under Vehicle and Traffic Law
§ 509. The officer further stated that her basis for believing that defendant had reason to
know that his license was suspended or revoked is that "defendant was unable to produce a valid
license" and that the computer check revealed that defendant's license had been suspended due to
his failure to answer a traffic summons. Moreover, the officer alleged that all summonses have
printed on them "if you do not answer this ticket by mail within fifteen (15) days, your license
will be suspended. The suspension occurs automatically, by computer, within 4 weeks of the
defendant's failure to answer." A copy of the computer printout was annexed to the supporting
deposition.
The aforementioned factual allegations, read together with the attached document,
sufficiently allege facts of an evidentiary character supporting or tending to support the charge of
aggravated unlicensed operation of a motor vehicle in the third degree (see CPL 100.15
[3]; Vehicle and Traffic Law § 511 [1] [a]) and provided reasonable cause to believe that
defendant committed the offense charged (see CPL 100.40 [4] [b]), including that
defendant knew, or had reason to know, of the suspension of his license (see Vehicle and
Traffic Law § 511 [1]; People v
Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]; People v
Sanago, 35 Misc 3d 143[A], 2012 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]; People v
Michtavy, 32 Misc 3d 133[A], 2011 NY Slip Op 51442[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021