People v Brown (2021 NY Slip Op 50483(U))

[*1]

People v Brown (Jemall)

2021 NY Slip Op 50483(U) [71 Misc 3d 139(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-427 K CR

The People of the State of New York,
Respondent,
against
Jemall Brown, Appellant. 

Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Rosenblum of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Abena Darkeh, J.), rendered February 7, 2018. The judgment convicted defendant, after a
nonjury trial, of aggravated unlicensed operation of a motor vehicle in the third degree, reckless
driving, and failing to signal when turning, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Following a nonjury trial, defendant was convicted of aggravated unlicensed operation of a
motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), reckless driving
(Vehicle and Traffic Law § 1212), and failing to signal when turning (Vehicle and Traffic
Law § 1163 [a]). Defendant was subsequently sentenced to, among other things, a $200
fine. 
At the trial, a police officer testified that, on March 30, 2017, as he was driving east on
Avenue J between Rockaway Parkway and 96th Street, he observed defendant, in the vehicle in
front of the officer, drive out of the eastbound lane of traffic, across double yellow lines, and
completely into the westbound lane (in which there was no oncoming traffic) in order to pass a
Honda vehicle which had been in front of defendant's vehicle. Defendant then cut back into the
eastbound lane in front of the Honda, which caused the Honda to stop. Without signaling,
defendant made a right turn onto 96th Street, where he was stopped by the officer. When the
officer asked defendant for his driver's license, defendant informed the officer that he did not
have one. A Department of Motor Vehicles (DMV) representative testified regarding People's
Exhibits 2, 3, 4 and 5, consisting of defendant's driving abstract, suspension notices and mailing
records for those notices, which included United States Postal Service (USPS) confirmations of
mailing. The representative stated that the notices were mailed to defendant in January and
February 2017 and therefore, defendant should have known that his driver's license was
suspended on March 30, 2017. 
Defendant testified that the Honda had stopped short in front of him, and that he went around
the Honda in order to avoid an accident. Moreover, only two of his tires went into the westbound
lane of traffic. He also stated that he activated his turn signal before he made a right turn onto
96th Street, and that he had just completed a hearing on March 1, 2017 and thought that his
driver's license had been reinstated. He admitted to telling the officer that "I was on my way to
court in a matter of my license."
Defendant's contention that the evidence was legally insufficient to prove that he was guilty
of reckless driving (Vehicle and Traffic Law § 1212) is unpreserved for appellate review
(see CPL 470.05 [2]; People v
Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10 [1995]).
Nevertheless, since there is no preservation requirement associated with defendant's contention
that the guilty verdict was against the weight of the evidence, we necessarily must determine
whether all of the elements of the offense charged were proven beyond a reasonable doubt as part
of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237
[2015]). As a different verdict would not have been unreasonable here (see People v Zephyrin, 52 AD3d
543[2008]), this court "must, like the trier of fact below, 'weigh the relative probative force
of conflicting testimony and the relative strength of conflicting inferences that may be drawn
from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People
ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). Upon a review of the evidence, we find
that it established that defendant's acts of moving into the oncoming lane of traffic on Avenue J
in order to pass the Honda, and then returning to the eastbound lane of traffic in front of the
Honda, which caused the Honda to stop, unreasonably interfered with the free and proper use of a
public highway in violation of Vehicle and Traffic Law § 1212.
In order for defendant to be found guilty of aggravated unlicensed operation of a motor
vehicle in the third degree, the People have to prove, beyond a reasonable doubt, that defendant
operated a motor vehicle on a public highway while knowing, or having reason to know, that his
license or privilege of operating such a vehicle in New York State, or his privilege of obtaining a
license to operate such vehicle issued by the commissioner, is suspended, revoked or otherwise
withdrawn by the commissioner (see Vehicle and Traffic Law § 511 [1] [a]; People v Pacer, 6 NY3d 504, 508
& n 1 [2006]). Defendant contends that there was no admissible proof that he knew or had
reason to know that his license was suspended because the mailing records, which included
USPS confirmations of mailing, should not have been admitted into evidence under any
exception to the hearsay rule, and because their admission would violate the Confrontation
Clause; and that the testimony of the DMV witness was insufficient to establish the standard
mailing practices of the Albany DMV office from which the suspension notices were
mailed.
Generally, the receipt of a suspension notice from the DMV suffices to provide notice to the
recipient, and "proof of proper mailing gives rise to a presumption that the item was received by
the addressee," which presumption is created "by either proof of actual mailing or proof of a
standard office practice or procedure designed to ensure that items are properly addressed and
mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]).
This formulation has been adopted for purposes of proving receipt of DMV suspension notices in
a criminal proceeding (see e.g. People v
Flores, 62 Misc 3d 46, 56 [App Term, 2d Dept, 9th & [*2]10th Jud Dists 2018]; People v Rhodes, 47 Misc 3d 151[A], 2015 NY Slip Op 50794[U],
*1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Maldonado, 42 Misc 3d
81, 86 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Outram, 22 Misc 3d
131[A], 2009 NY Slip Op 50162[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2009]). As a DMV official's affidavit as to the standard practices and procedures of the
DMV with regard to mailings and whether they were followed in a particular case, amounts to "a
direct accusation of an essential element of the crime," it is "accusatory hearsay" and
inadmissible as a business record (People v Pacer, 6 NY3d at 510). So too here, the
DVM's mailing records are likewise inadmissible as business records. In addition, the
Confrontation Clause requires that these matters be established by a witness amenable to
cross-examination (see id. at 512). Such a witness, at the very least, must assert a
sufficient basis of personal knowledge of the DMV's mailing practices and procedures at the time
the suspension notice is alleged to have been mailed to permit meaningful cross-examination as
to the nature of those procedures and whether they were actually followed (see e.g. People v Francis, 114 AD3d
699, 700 [2014]; People v
Sterling, 70 Misc 3d 132[A], 2020 NY Slip Op 51551[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]). 
We find that the testimony of the DMV witness demonstrated that the witness had sufficient
personal knowledge of the DMV's mailing practices and procedures at the time the suspension
notices were alleged to have been mailed to permit meaningful cross-examination as to the nature
of those procedures and whether they were actually followed (see e.g. People v Francis,
114 AD3d at 700; People v Sterling,
70 Misc 3d 132[A], 2020 NY Slip Op 51551[U]). In any event, we note that defense counsel
never made any objection on Confrontation Clause grounds at trial (see CPL 470.05; People v Liner, 9 NY3d 856,
856-857 [2007]; People v Fleming, 70 NY2d 947 [1988]; People v Liggens, 185
AD3d 721 [2020]; People v Gibson,
163 AD3d 586, 587 [2018]; People
v Sterling, 70 Misc 3d 132[A], 2020 NY Slip Op 51551[U]). Consequently, the People
established that defendant knew, or should have known, that his driver's license was suspended
on March 30, 2017.
Furthermore, contrary to defendant's contention, he has not shown that "he did not receive a
fair trial because counsel's conduct was egregious and prejudicial" (People v Ambers, 26 NY3d 313,
317 [2015] [internal quotation marks omitted]; People v Sterling, 70 Misc 3d 132[A], 2020 NY Slip Op
51551[U]). We find that defendant's ineffective assistance of counsel claim under the federal and
state standards lacks merit (see Strickland v Washington, 466 US 668 [1984]; People
v Benevento, 91 NY2d 708, 713-714 [1998]). While defendant also contends that his fine
was excessive, we find that no extraordinary circumstances exist that warrant a modification of
the sentence in the interest of justice (see People v Dolphy, 257 AD2d 681 [1999];
People v Suitte, 90 AD2d 80, 85 [1982]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021