People v Brown (2021 NY Slip Op 50482(U))

[*1]

People v Brown (Jemall)

2021 NY Slip Op 50482(U) [71 Misc 3d 139(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-426 K CR

The People of the State of New York,
Respondent,
against
Jemall Brown, Appellant. 

Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Rosenblum of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Abena Darkeh, J.), rendered February 7, 2018. The judgment convicted defendant, upon his plea
of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is reversed, on the law, the plea is vacated, and
the matter is remitted to the Criminal Court for all further proceedings.
In February 2017, defendant was charged with failing to signal a lane change (Vehicle and
Traffic Law § 1163 [d]), driving while ability impaired (Vehicle and Traffic Law §
1192 [1]), driving a motor vehicle without displaying illuminated numbers on the rear license
plate (Vehicle and Traffic Law § 375 [2] [a] [4]), common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in
the third degree (Vehicle and Traffic Law § 511 [1] [a], and unlicensed operation of a motor
vehicle (Vehicle and Traffic Law § 509 [1]). In February 2018, following his conviction on
charges in an unrelated case, the People made a plea offer to defendant "to the count of VTL 511
(1) (a), a $200 fine, successful completion of the Driver Improvement Program and a conditional
discharge," which offer defendant accepted after consulting with his attorney. The Criminal
Court then advised defendant of the rights he was waiving, and he was sentenced as
promised.
On appeal, defendant contends that his plea should be vacated because the Criminal Court
did not have jurisdiction to accept the plea because it had failed to "set forth upon the record the
basis for such disposition," as required by Vehicle and Traffic Law § 1192 (10); that his
plea was [*2]not entered into knowingly and voluntarily; and that
his sentence is excessive and should be reduced.
Generally, a defendant who pleads guilty can raise appellate challenges that " 'relate either to
jurisdictional matters . . . or to rights of a constitutional dimension that go to the very heart of the
process' " (People v Guerrero, 28 NY3d 110, 119 [2016] [emphasis omitted], quoting
People v Hansen, 95 NY2d 227, 230 [2000]). It is well settled that a court's authority to
accept a plea is conferred by statute and common law (see People v Keizer, 100 NY2d
114, 118 [2003]). The Criminal Court, a "court of city-wide criminal jurisdiction of the city of
New York shall have jurisdiction over crimes and other violations of law, other than those
prosecuted by indictment" (NY Const, art VI, § 15 [c]). In the case at bar, defendant was
arraigned on a valid accusatory instrument and, therefore, the Criminal Court "had jurisdiction of
the offense[s] charged and acquired jurisdiction of defendant's person by the filing of [a
complaint] and an appearance by defendant" (People v Grant, 16 NY2d 722, 723 [1965];
see also People v Thiam, 34 NY3d 1040, 1045 [2019]; People v Ford, 62 NY2d
275, 282-283 [1984]). Consequently, there is no merit to defendant's contention that the Criminal
Court lacked jurisdiction to accept the plea. 
To the extent that defendant meant to argue that the Criminal Court had no authority to
accept the plea since it did not comply with the requirements of Vehicle and Traffic Law §
1192 (10), such a contention would normally have to be preserved for appellate review.
However, there is a recognized narrow exception to the preservation requirement where, as here,
the plea and sentence took place during the same proceeding and, thus, the defendant had no
actual or practical ability to object to an alleged error that is clear from the face of the record
(see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Tyrell, 22
NY3d 359, 364 [2013]; People v Louree, 8 NY3d 541, 546 [2007]).
Here, the prosecutor consented to defendant pleading guilty to aggravated unlicensed
operation of a motor vehicle in the third degree in apparent satisfaction of all charges, which
included a charge of Vehicle and Traffic § 1192 (3). Vehicle and Traffic Law § 1192
(10) provides that:
"Plea bargain limitations. (a) (i) In any case wherein the charge laid before the
court alleges a violation of subdivision two, three, four or four-a of this section, any plea of guilty
thereafter entered in satisfaction of such charge must include at least a plea of guilty to the
violation of the provisions of one of the subdivisions of this section . . . however, if the district
attorney, upon reviewing the available evidence, determines that the charge of a violation of this
section is not warranted, such district attorney may consent, and the court may allow a
disposition by plea of guilty to another charge in satisfaction of such charge; provided, however,
in all such cases, the court shall set forth upon the record the basis for such disposition"
(emphasis added).
As the Criminal Court did not "set forth upon the
record the basis for [its] disposition," we find that defendant's plea was improperly entered
(cf. People v Hunter, 5 NY3d 750, 751 [2005]; People v Keizer, 100
NY2d at 119). We note that to hold otherwise would effectively nullify the effect of Vehicle and
Traffic Law § 1192 (10), in its entirety.
Accordingly, the judgment of conviction is reversed, the plea is vacated and the matter is
[*3]remitted to the Criminal Court for all further
proceedings.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021