People v Bentley (2022 NY Slip Op 50284(U))

[*1]

People v Bentley (Djion)

2022 NY Slip Op 50284(U) [74 Misc 3d 135(A)]

Decided on March 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2019-1832 W CR

The People of the State of New York,
Respondent,
against
Djion Bentley, Appellant. 

John P. Savoca, for appellant.
Westchester County District Attorney (William C. Milaccio and Brian R. Pouliot of counsel), for
respondent.

Appeal from judgments of the Justice Court of the Town of Ossining, Westchester County
(Michael L. Tawil, J.), rendered December 3, 2019. The judgments convicted defendant, upon
jury verdicts, of two charges of resisting arrest, and one charge each of aggravated unlicensed
operation of a motor vehicle in the third degree, failing to comply with a lawful order or direction
of a police officer regulating traffic, leaving a motor vehicle unattended, and unlawful possession
of marihuana, respectively, and imposed sentences.

ORDERED that so much of the appeal as is from the judgment convicting defendant of
unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment convicting defendant of aggravated unlicensed operation of a
motor vehicle in the third degree is reversed, on the facts, and the accusatory instrument charging
that offense is dismissed; and it is further,
ORDERED that the judgments convicting defendant of two charges of resisting arrest,
failing to comply with a lawful order or direction of a police officer regulating traffic and leaving
a motor vehicle unattended, respectively, are affirmed. 
Insofar as is relevant to this appeal, defendant was charged, in seven separate accusatory
instruments, with two charges of resisting arrest (Penal Law § 205.30), two charges of
aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law
§ 511 [1] [a]), and one charge each of failing to comply with a lawful order or direction of a
police officer regulating traffic (Vehicle and Traffic Law § 1102), leaving a motor vehicle
unattended (Vehicle and Traffic Law § 1210 [a]), and unlawful possession of marihuana
(Penal Law § 221.05). Specifically, the charges of failing to comply with a lawful order or
direction of a police officer [*2]regulating traffic, leaving a motor
vehicle unattended and one charge each of resisting arrest and aggravated unlicensed operation of
a motor vehicle in the third degree arose from an incident occurring on March 28, 2018, in which
defendant allegedly left his vehicle unattended on a public street, fled the scene in his vehicle
despite the police's order not to move his vehicle and resisted his subsequent arrest. The charges
of unlawful possession of marihuana and the other charge of resisting arrest arose from an
incident occurring on November 8, 2018, in which defendant was allegedly observed smoking
marihuana in public and resisted his subsequent arrest. The other charge of aggravated unlicensed
operation of a motor vehicle in the third degree arose from an incident occurring on December 1,
2018, in which defendant was allegedly observed operating his vehicle on a public highway with
a suspended license. Following a jury trial, defendant was found guilty of all of the charges. At
sentencing, the Justice Court granted the branch of defendant's CPL 330.30 motion seeking to set
aside his conviction of the charge of aggravated unlicensed operation of a motor vehicle in the
third degree relating to the March 28, 2018 incident.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]; see People v Joyner,
126 AD3d 1002, 1005 [2015]). "If a finding in favor of the defendant would not have been
unreasonable, then this Court 'must weigh conflicting testimony, review any rational inferences
that may be drawn from the evidence and evaluate the strength of such conclusions' " (People v Curry, 112 AD3d 843,
844 [2013], quoting Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded
to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor
(see People v Lane, 7 NY3d
888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). However, if it
appears that the jury failed to give the evidence the weight it should be accorded, this court may
reverse the judgment of conviction and dismiss the accusatory instrument (see CPL
470.20 [5]; People v Romero, 7
NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
We find that defendant's conviction of aggravated unlicensed operation of a motor vehicle in
the third degree related to the December 1, 2018 incident was against the weight of the evidence.
Vehicle and Traffic Law § 511 (1) (a) provides that "[a] person is guilty of the offense of
aggravated unlicensed operation of a motor vehicle in the third degree when such person operates
a motor vehicle upon a public highway while knowing or having reason to know that such
person's license or privilege of operating such motor vehicle in this state or privilege of obtaining
a license to operate such motor vehicle issued by the commissioner is suspended, revoked or
otherwise withdrawn by the commissioner." In order to support a conviction of aggravated
unlicensed operation of a motor vehicle in the third degree, the People must establish that the
defendant knew, or had reason to know, that his or her license or privilege of driving had been
suspended, revoked or otherwise withdrawn (see Vehicle and Traffic Law § 511 [1]
[a]; People v Francis, 114 AD3d
699, 700 [2014]; People v
Flores, 70 Misc 3d 142[A], 2021 NY Slip Op 50154[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]). 
At the trial, to establish that defendant knew or had reason to know that his license had been
suspended at the time of the incident, the People sought to prove, mainly through defendant's
own testimony, that defendant had received a prior traffic summons in the Town of Cortlandt,
that defendant knew that he had failed to timely pay that traffic summons, and that [*3]defendant should have known at the time of the incident that his
license had been suspended as a result of his failure to pay. However, defendant testified that he
believed at the time of the December 1, 2018 incident that his license was valid. While defendant
acknowledged that he had previously been issued a traffic summons in the Town of Cortlandt
and had failed to pay the summons on time, defendant did not expressly testify that he had been
advised that his license would be suspended if he failed to pay the summons timely. Defendant's
testimony, "I knew my license would get suspended if I don't take care of the ticket" is equivocal
as to whether defendant possessed such knowledge at the time of the December 1, 2018 incident.
Although defendant testified that "as soon as [he] found out" his license had been suspended, he
"cleared" the suspension, defendant's testimony is unclear as to when he "found out" that his
license had been suspended. Furthermore, although the People argue on appeal that defendant's
Department of Motor Vehicles Driver's Abstract shows that a notice of suspension had been
mailed to defendant at his address, even assuming that the Abstract does so provide, the Abstract
alone is insufficient to invoke the rebuttable presumption that the notice had been received by
defendant (see People v Sterling, 70
Misc 3d 132[A], 2020 NY Slip Op 51551[U], *2 [App Term, 2d Dept, 9th & 10th Jud
Dists 2020] ["Generally, the receipt of a suspension notice from the DMV suffices to provide
notice to the recipient, and proof of proper mailing gives rise to a presumption that the item was
received by the addressee, which presumption is created by either proof of actual mailing or
proof of a standard office practice or procedure designed to ensure that items are properly
addressed and mailed" (internal quotation marks omitted)]; cf. People v Begemov, 1 Misc 3d 127[A], 2003 NY Slip Op
51533[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2003] [the defendant's "Department
of Motor Vehicles Driver's Abstract, an Affidavit of Regularity/Proof of Mailing, and Orders of
Suspension" created a presumption that the defendant was notified of the suspensions and thus
knew of the suspensions at the time of his arrest]). Therefore, the People failed to establish that
defendant knew, or had reason to know, that his license had been suspended (see e.g. People v Hagans, 63 Misc 3d
139[A], 2019 NY Slip Op 50567[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
cf. People v Wynter, 2003 NY Slip Op 51411[U], *1 [App Term, 1st Dept 2003] ["Based
upon the defendant's furtive conduct at the scene and his statement to police that he did not have
a driver's license, the trial court rationally could find that defendant knew or had reason to know
that his driver's license was suspended at the time of the occurrence"]).
Defendant's convictions of resisting arrest were not against the weight of the evidence. To
convict defendant of resisting arrest, the People had to prove, beyond a reasonable doubt, that
defendant intentionally prevented or attempted to prevent a police officer from effectuating an
authorized arrest of himself or another person (see Penal Law § 205.30; People v Andrews, 155 AD3d 764,
765 [2017]). Here, as to the charge of resisting arrest related to the March 28, 2018 incident, the
People established that the arrest was authorized, as the evidence demonstrated that the arresting
officers had probable cause to believe that defendant had committed traffic infractions in their
presence (see Vehicle and Traffic Law § 155; CPL 140.10 [1] [a]; [2]; People v Clergeot, 20 Misc 3d 87,
89 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). The evidence regarding defendant's
conduct in refusing to be handcuffed demonstrated that defendant intentionally prevented an
authorized arrest of himself (see People
v Lepard, 83 AD3d 1214, 1216 [2011]; People v Somerville, 72 AD3d 1285, 1287 [2010]; People v
Myrick, 10 Misc 3d [*4]138[A], 2005 NY Slip Op 52197[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2005]). As for the charge of resisting arrest
related to the November 8, 2018 incident, the People likewise established that the arrest was
authorized by providing evidence that the arresting officers involved in that incident had
probable cause to believe that defendant had committed the offense of unlawful possession of
marihuana (former Penal Law § 221.05) by smoking marihuana in public (see CPL
140.10 [1]; People v Schobert, 93 AD2d 949, 950 [1983]) and established that defendant
intentionally prevented the authorized arrest by refusing to be handcuffed, necessitating the
efforts of two officers to handcuff him (see Lepard, 83 AD3d at 1216; Somerville,
72 AD3d at 1287; Myrick, 10 Misc 3d 138[A], 2005 NY Slip Op 52197[U]). 
The conviction of failing to comply with a lawful order or direction of a police officer
regulating traffic was similarly not against the weight of the evidence. To convict defendant of
that offense, the People had to prove, beyond a reasonable doubt, that defendant failed or refused
to comply with a lawful order or direction of a police officer or flagperson or other person duly
empowered to regulate traffic (see Vehicle and Traffic Law § 1102). The evidence
adduced at trial established that defendant admittedly failed to comply with an officer's order to
"stay put" and not to move his vehicle as the officer was issuing defendant a traffic summons,
and, further, that the officer's order to defendant sought to prevent a potential accident and
involved regulating the control or movement of traffic (see People v Martin, 46 Misc 3d 143[A], 2015 NY Slip Op
50183[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; cf. People v DeCerbo, 4 Misc 3d
23, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; People v Bohn, 91
Misc 2d 132, 132 [App Term, 2d Dept, 9th & 10th Jud Dists 1977]). 
The conviction of leaving a motor vehicle unattended was also not against the weight of the
evidence. Vehicle and Traffic Law § 1210 (a) provides, as relevant here, that "[n]o person
driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping
the engine, locking the ignition, removing the key from the vehicle, and effectively setting the
brake thereon." The evidence established that defendant violated Vehicle and Traffic Law §
1210 (a) on March 28, 2018 by leaving his vehicle unattended on a public street, with its engine
running.
To the extent that defendant challenges the verdict finding him guilty of aggravated
unlicensed operation of a motor vehicle in the third degree related to the March 28, 2018
incident, defendant's contention is academic, as the Justice Court has already vacated that
conviction (see People v Bradley, 48
Misc 3d 46, 48 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). 
Finally, as the People concede, defendant's conviction of unlawful possession of marihuana
"became a nullity by operation of law, independently of any appeal," pursuant to CPL 160.50 (5)
(People v Johnson, 73 Misc 3d
127[A], 2021 NY Slip Op 50885[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021] [internal quotation marks and brackets omitted]; see People v Anonymous, 187 AD3d 512 [2020]; People v Jones, 177 AD3d 444
[2019], lv denied 35 NY3d 942 [2020]; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U]
[App Term, 1st Dept 2020]). Consequently, so much of the appeal as is from the judgment
convicting defendant of unlawful possession of marihuana is dismissed as academic (see
Johnson, 2021 NY Slip Op 50885[U]; Disano, 2020 NY Slip Op 50439[U]; People v Williams, 65 Misc 3d
154[A], 2019 NY Slip Op 51908[U] [App Term, 1st Dept 2019]). 
Accordingly, the judgment convicting defendant of aggravated unlicensed operation of a
motor vehicle in the third degree is reversed and the accusatory instrument charging that offense
is dismissed; and the judgments convicting defendant of resisting arrest, failing to comply with a
lawful order or direction of a police officer regulating traffic and leaving a motor vehicle
unattended, respectively, are affirmed. 
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 10, 2022