■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAL DOUGLAS, Appellant. [670 NYS2d 213] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered August 1, 1996, convicting him of robbery in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not object pursuant to *People v Dawson* (50 NY2d 311) to the prosecutor's impeachment of his alibi witness, or to the court's related jury instructions, thereby failing to preserve his current claims for appellate review (*see, People v Miller*, 89 NY2d 1077). In any event, a proper foundation was

laid for the cross-examination of the alibi witness about his failure to come forward prior to trial. The prosecutor demonstrated that the witness was aware of the nature of the charge pending against the defendant, had reason to recognize that he possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant, and was familiar with the means of making such information available to law enforcement authorities (*see, People v Dawson, supra; People v Miller, supra*). Furthermore, the court's instructions to the effect that the witness's failure to come forward could not be used to suggest that he had a flawed moral character or was generally unworthy of belief, but could be used to cast doubt upon his in-court statements by reason of its apparent inconsistency, were appropriate (*see, People v Dawson, supra*).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's sentence was not excessive (*People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.