■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOREN PARKER, Appellant. [761 NYS2d 850] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 19, 2001, convicting him of criminal possession of a controlled substance in the fifth degree and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dunlop, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Evans,* 298 AD2d 401 [2002]; *People v Natiello,* 294 AD2d 451, 452 [2002]; *People v Fryar,* 276 AD2d 641 [2000]). There is nothing in the record to support the defendant's contention that the testimony of the arresting police officer at the suppression hearing was incredible or patently tailored to nullify constitutional objections (*see People v Evans, supra; People v Black,* 214 AD2d 619 [1995]). The evidence established that the police had probable cause to arrest the defendant, and the seizure of cocaine and marijuana from his pockets was legal as arising from a search incident to a lawful arrest (*see People v Cooper,* 241 AD2d 553, 554 [1997]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's remaining contention is without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.