THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MALLOY, Appellant. [779 NYS2d 250]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered March 25, 2002, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to controvert a search warrant and to suppress certain physical evidence seized pursuant thereto.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty and sentence are vacated, the

defendant's motion to controvert the search warrant and to suppress certain physical evidence seized pursuant thereto is granted solely to the extent that the two credit cards and the driver's license that were issued to a third party and that were seized during the execution of the search warrant are suppressed, and the motion is otherwise denied, counts one through six of the indictment are dismissed as against the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the remaining counts of the indictment.

The defendant did not effectively waive his right to appeal (*see People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v McCaskell*, 206 AD2d 547 [1994]). Contrary to the People's contention, the order denying the defendant's motion to controvert the search warrant and to suppress certain physical evidence seized pursuant thereto is reviewable on this appeal from the judgment of conviction (*see* CPL 710.70 [2]; *People v Laino*, 115 AD2d 663 [1985]).

We agree with the defendant that the police exceeded the scope of the search warrant when they seized two credit cards and a driver's license that belonged to a third person, who had no apparent connection either to the crimes under investigation or to the house from which they were seized. The People's contentions to the contrary are not properly before this Court, since they were not argued in the Supreme Court.

Accordingly, counts one through six of the indictment should have been dismissed, as they were based on allegations that the defendant stole the subject seized articles from the third party, or knowingly possessed stolen property, consisting of those articles. The remaining counts of the indictment (counts seven through ten) charged various drug-related offenses having nothing to do with the defendant's possession of the subject articles. Therefore, we remit the matter to the Supreme Court, Queens County, for further proceedings on those remaining counts of the indictment. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.