■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN BROWN, Appellant. [806 NYS2d 682]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered June 18, 2004, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not, as part of his plea agreement, waive his right to appeal the denial of his motion to suppress physical evidence (*see* CPL 710.70 [2]; *People v Malloy*, 8 AD3d 679 [2004]; *People v Bryant*, 225 AD2d 786, 787 [1996]). However, the Supreme Court properly denied suppression of the physical evidence. " 'The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (*People v Peterson*, 22 AD3d 770, 771 [2005], quoting *People v Parker*, 306 AD2d 543, 543 [2003]). The record supports the hearing court's finding that the plastic bag which contained the heroin was recovered, incident to a lawful arrest, in plain view tucked into the rear of the defendant's shorts. There is nothing in the record to support the defendant's contentions that the testimony of the arresting officer at the suppression hearing was incredible or patently tailored to nullify constitutional objections (*see People v Parker, supra* at 543; *cf. Matter of Bernice J.*, 248 AD2d 538, 539 [1998]), or that a public cavity or strip search was conducted in the absence of exigent circumstances (*see People v More*, 97 NY2d 209 [2002]; *People v Manley*, 13 AD3d 653 [2004]; *People v Mitchell*, 2 AD3d 145, 147 [2003]). Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.