■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CARLUCCI, Appellant. [914 NYS2d 663]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 29, 2008, convicting him of burglary in the first degree (two counts), assault in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the People were required to

provide him with notice that the identification of the defendant by the victim from a photo array was confirmatory is unpreserved for appellate review (*see People v Friel*, 53 AD3d 667 [2008]; *People v Goodwine*, 46 AD3d 702 [2007]), and, in any event, without merit (*see* CPL 710.30). The defendant's contention that his oral statements to law enforcement officials should have been suppressed because they were not voluntarily made is academic for purposes of this appeal since those statements were not introduced at trial (*see People v Ericsen*, 186 AD2d 219 [1992]; *People v Adames*, 168 AD2d 623 [1990]; *People v Smith*, 160 AD2d 472 [1990]; *People v Wilson*, 131 AD2d 526 [1987]).

The defendant's contention that the verdict was legally insufficient because the testimony of the victim was incredible as a matter of law (*see People v Gruttola*, 43 NY2d 116, 122 [1977]) is unpreserved for appellate review, as it was not raised before the Supreme Court (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Dickerson, J.P., Leventhal, Hall and Austin, JJ., concur.