■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOSEPH, Appellant. [948 NYS2d 685]—

The defendant was charged with murder in the second degree and other crimes arising from a homicide outside the defendant's home in Yaphank. At trial, the defendant's cousin testified that the defendant was present at the scene but did not participate in the charged crimes. The prosecutor cross-examined the defendant's cousin about his failure to come forward to law enforcement officials with this exculpatory account. The defendant's contention that the County Court erred in permitting this cross-examination is without merit, because the People laid a proper foundation (*see People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v Dawson*, 50 NY2d 311, 321 n 4 [1980]; *People v Stokes*, 282 AD2d 553 [2001]; *People v Douglas*, 248 AD2d 550 [1998]), and defense counsel did not assert at the bench conference before the cross examination that the cousin had been advised by counsel not to come forward (*see People v Dawson*, 50 NY2d at 323; *cf. People v Steede*, 149 AD2d 744, 745 [1989]). In addition, under these circumstances, the County Court was not obligated to deliver a specific jury instruction regarding the cousin's failure to come forward, because the defendant did not request one (*see People v Dawson*, 50 NY2d at 322-323; *People v Givens*, 132 AD2d 567 [1987]).

The defendant's contention that the County Court should have suppressed his statements to law enforcement officials is academic because the statements were not introduced at trial (*see People v Carlucci*, 80 AD3d 621, 622 [2011]). The defendant's contention that the County Court erred in allowing into evidence certain expert testimony regarding DNA found on a gun is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Laigo*, 70 AD3d 970, 971 [2010]) and, in any event, is without merit (*see People v Giampietro*, 238 AD2d 355, 356 [1997]). The defendant's contention that the County Court erred in precluding him from impeaching a witness about a prior youthful offender adjudication is without merit because the record demonstrates that the County Court did not preclude that impeachment.

The defendant's claim that he was deprived of the effective

assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without refer-. ence to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Balkin, Lott and Miller, JJ., concur.