People v Lesane (2020 NY Slip Op 03288)





People v Lesane


2020 NY Slip Op 03288


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11645 3711/16

[*1] The People of the State of New York, Respondent,
v
Alfonse Lesane, Defendant-Appellant.


The Legal Aid Society, New York (David Crow of counsel), and Schulte Roth & Zabel LLP, New York (Amanda Wichot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J. at suppression hearing; Robert M. Stolz, J. at jury trial and sentencing), rendered August 2, 2017, convicting defendant of criminal possession of a controlled substance in the third degree and unlawful possession of marijuana, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
The court properly denied defendant's suppression motion. Defendant argues that, without the proper predicate, an officer conducted something "akin" to a strip search, as well as improperly doing so in public view. However, the record supports the hearing court's finding to the contrary. There is no basis for disturbing the court's credibility determinations. There was no strip search, or otherwise highly invasive search, when the officer pulled defendant's waistband back, without pulling his pants down, and reached into defendant's underwear to retrieve a bag containing drugs. Defendant was not disrobed in any way, and his genitals were not exposed to the view of the officer or anyone else (see People v Butler, 27 AD3d 365, 369 [1st Dept 2006], lv denied 6 NY3d 893 [2006]). Moreover, the bag recovered from defendant was partially protruding outside of defendant's clothing. Thus, based on his observations of defendant and defendant's conduct, the officer reasonably concluded that defendant was hiding drugs in his pants.
The court's Sandoval ruling, which permitted only a limited inquiry into the underlying facts of defendant's extensive criminal record, balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). In any event, any error in the court's ruling was harmless (see People v Grant, 7 NY3d 421, 424-425 [2006]). There was overwhelming evidence of possession with intent to sell, including the quantity of drug packages that defendant possessed, along with police observations of defendant making what reasonably appeared to be a sale to an unapprehended buyer.
The court properly exercised its discretion when it admitted expert testimony concerning circumstances that indicate an intent to sell drugs as opposed to possession for personal use (see People v Hicks, 2 NY3d 750 [2004]). The testimony was within the scope permitted under [*2]Hicks, and it did not invade the province of the jury. In any event, any error in admitting this testimony was harmless in light of the overwhelming evidence of defendant's intent to sell, as discussed above.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK