People v Martin (2021 NY Slip Op 04738)





People v Martin


2021 NY Slip Op 04738


Decided on August 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 19, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Ind No. 2525/16 Appeal No. 14172 Case No. 2019-4542 

[*1]The People of the State of New York, Respondent,
v
Wayne Martin, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel) and Winston & Strawn LLP, New York (Michael A. FernÁndez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J. at suppression hearing; Michael J. Obus, J. at jury trial and sentencing), rendered April 9, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marijuana, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of six years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
The court properly denied defendant's suppression motion. Based on the totality of the relevant factors (see People v Jones, 90 NY2d 835, 837 [1997]), the hearing evidence supported the court's finding that there was probable cause for defendant's arrest. In an area with a high incidence of drug trafficking, a trained and experienced narcotics officer saw defendant crush an unidentified object in a manner the officer had seen in other narcotics transactions, hand it to another man, and receive money in exchange (see e.g. People v Osman, 125 AD3d 495 [1st Dept 2015], lv denied 25 NY3d 1075 [2015]). "Street sellers of narcotics should not enjoy an immunity from arrest or search merely because they are able to conceal their wares during the exchange; concealment is itself a common characteristic of illegal conduct" (People v Graham, 211 AD2d 55, 59 [1st Dept 1995], lv denied 86 NY2d 795 [1995]).
Defendant did not preserve his claims of trial error, and we decline to review them in the interest of justice. As an alternative holding, we find that nothing in the prosecutor's summation warrants reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We also find that an innocuous remark to the jury by the court while taking a partial verdict of guilty on the marijuana count, essentially recognizing that defendant's guilt of that violation had been uncontested at trial (see People v Wright, 270 AD2d 176 [1st Dept 2000], lv denied 94 NY2d 954 [2000]), could not have caused any prejudice with regard to the other charges. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 19, 2021