People v Johnson (2021 NY Slip Op 50885(U))

[*1]

People v Johnson (Odell)

2021 NY Slip Op 50885(U) [73 Misc 3d 127(A)]

Decided on September 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-2043 Q CR

The People of the State of New 
 York, Respondent,
against
Odell Terrick Johnson, Appellant.
The People of the State of New York, Respondent, against
Odell
Terrick Johnson, Appellant. 

New York City Legal Aid Society (Allen Fallek and Lawrence T. Hausman of counsel), for
appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Roni C. Piplani and
Peter R. Isham of counsel), for respondent.

Appeals from a judgment of the Criminal Court of the City of New York, Queens County
(Althea Drysdale, J.), rendered September 18, 2017 and an amended judgment of that court
(Eugene Guarino, J.) rendered October 17, 2018. The judgment convicted defendant, upon a jury
verdict, of driving while ability impaired and unlawful possession of marihuana, and imposed
sentence. The amended judgment vacated the sentence previously imposed and resentenced
defendant.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that so much of the appeal as is from the portion of the judgment of conviction
that imposed sentence is dismissed as academic, as that portion of the judgment of [*2]conviction was superseded by defendant's resentence on October
17, 2018; and it is further,
ORDERED that so much of the appeal as is from the portion of the judgment convicting
defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment of conviction, insofar as reviewed, is affirmed; and it is
further,
ORDERED that the appeal from the amended judgment is dismissed as abandoned.
Defendant was charged with driving while intoxicated (common law) (Vehicle and Traffic
Law § 1192 [3]), driving while ability impaired by drugs (Vehicle and Traffic Law §
1192 [4]), and unlawful possession of marihuana (Penal Law § 221.05). A jury trial was
held and, before the jury deliberated, the court added a charge of driving while ability impaired
(Vehicle and Traffic Law § 1192 [1]) to the verdict sheet, as a lesser included charge of
driving while intoxicated (common law). Following the trial, the jury found defendant guilty of
driving while ability impaired and unlawful possession of marihuana. He was acquitted of
driving while intoxicated (common law) and of driving while ability impaired by drugs.
Defendant was sentenced on September 18, 2017 and resentenced on October 17, 2018. 
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]; see also People v
Joyner, 126 AD3d 1002 [2015]). If a finding in favor of the defendant "would not have
been unreasonable" (People v Curry,
112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any
rational inferences that may be drawn from the evidence and evaluate the strength of such
conclusions" (Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded to the
jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). However, if it appears that
the jury failed to give the evidence the weight it should be accorded, this court may reverse the
judgment of conviction and dismiss the accusatory instrument (see CPL 470.20 [5]; People v Romero, 7 NY3d 633,
643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]). Application of these
principles here warrants the conclusion that the verdict convicting defendant of violating Vehicle
and Traffic Law § 1192 (1) was not against the weight of the evidence (see People v Fasano, 66 Misc 3d
149[A], 2020 NY Slip Op 50271[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
People v Scott, 60 Misc 3d
128[A], 2018 NY Slip Op 50939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]).
Defendant's conviction of unlawful possession of marihuana "became a nullity by operation
of law, independently of any appeal, and without requiring any action by this [c]ourt," pursuant
to CPL 160.50 [5], effective August 28, 2019 (People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U],
*1 [App Term, 1st Dept 2020]). Consequently, the appeal, insofar as is from so much of the
judgment as convicted defendant of unlawful possession of marihuana is dismissed as academic
(see Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U]; People v Williams, 65 Misc 3d
154[A], 2019 NY Slip Op 51908[U] [App Term, 1st Dept 2019]; People v Taite, 65 Misc 3d
137[A], 2019 NY Slip Op 51671[U] [App Term, 1st Dept 2019]). 
Finally, defendant raises no specific issue with respect to his resentence on October 17, 2018.
Under the circumstances presented, the appeal from the amended judgment is dismissed as
abandoned.
Accordingly, the judgment of conviction, insofar as reviewed, is affirmed, and the appeal
from the amended judgment is dismissed. 
ALIOTTA, P.J., and ELLIOT, J., concur.
WESTON, J.P., concurs in part and dissents in part, and votes to dismiss, as abandoned, the
appeal from the amended judgment; dismiss, as academic, so much of the appeal as is from the
portion of the judgment of conviction that imposed sentence; dismiss, as academic, so much of
the appeal as is from the portion of the judgment convicting defendant of unlawful possession of
marihuana; reverse the judgment of conviction insofar as reviewed, and dismiss the count of the
accusatory instrument charging defendant with driving while ability impaired in the following
memorandum:
I agree with the majority that the appeal from the amended judgment, so much of the appeal
as is from the portion of the judgment of conviction that imposed sentence, and so much of the
appeal as is from the portion of the judgment convicting defendant of unlawful possession of
marihuana should be dismissed. However, having reviewed all the evidence, including
defendant's video statement at the precinct, I conclude that the jury's verdict with respect to
driving while ability impaired was against the weight of the evidence. Accordingly, I respectfully
dissent and vote to reverse so much of the judgment as convicted defendant of that offense and
dismiss that count of the accusatory instrument (see CPL 470.20).
At trial, the People relied mainly on the testimony of the arresting officer, whose recollection
was based, in part, on his memo book. The officer testified that, upon responding to a radio run
for a motor vehicle accident, he observed defendant sleeping behind the wheel of a vehicle
stopped in the middle of the road with the keys in the ignition and the engine running. According
to the officer, the vehicle had damage to its right front corner panel, and there was damage to a
nearby utility pole. Although the officer testified that he detected a strong odor of alcohol coming
from the vehicle, he did not note this observation in his memo book and no alcohol was
recovered. Even the officer assigned to administer breath and coordination tests at the precinct
could not recall whether defendant smelled of alcohol. Although the arresting officer described
defendant to be swaying and unsteady on his feet, with bloodshot, watery eyes and slurred
speech, nothing in his memo book, which was admitted into evidence, contained such
description. Indeed, a video of defendant taken at the precinct less than an hour after his arrest
shows a strikingly different portrayal of defendant. In the video, defendant is articulate, coherent,
steady on his feet, and cooperative, and he calmly and appropriately answers the officer's
questions.
While I recognize that deference must be given to the jury's ability to assess the evidence and
view the witnesses (see People v Bleakley, 69 NY2d 490, 495 [1987]), in this case, the
jury failed to give the evidence the weight it should be accorded. The only evidence of
defendant's guilt was the arresting officer's testimony, which was largely based on a memo book
that omitted crucial details that would have supported the officer's testimony. Not only did these
omissions undermine the reliability of the officer's testimony, but the video of defendant at the
precinct completely discounted that testimony. Based on this record, an acquittal would not have
been unreasonable (see People v
Andujar, 166 AD3d 893 [2018]). Weighing "the conflicting [*3]testimony and conflicting inferences in light of the elements [of the
crime charged]" (People v
Danielson, 9 NY3d 342, 350 [2007]), I cannot conclude that the jury was justified in
finding defendant guilty of operating a motor vehicle while his ability was impaired by the
consumption of alcohol.
Accordingly, I vote to dismiss, as abandoned, the appeal from the amended judgment;
dismiss, as academic, so much of the appeal as is from the portion of the judgment of conviction
that imposed sentence; dismiss, as academic, so much of the appeal as is from the portion of the
judgment convicting defendant of unlawful possession of marihuana; reverse the judgment of
conviction insofar as reviewed, and dismiss the count of the accusatory instrument charging
defendant with driving while ability impaired.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 10, 2021