People v Julien (2022 NY Slip Op 00433)





People v Julien


2022 NY Slip Op 00433


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2018-09703
 (Ind. No. 262/17)

[*1]The People of the State of New York, respondent,
v
Mark Julien, appellant.


Janet E. Sabel, New York, NY (William B. Carney and A. Alexander Donn of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Alexander J. Fumelli, and George D. Adames of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered June 8, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367-368; People v Hernandez, 40 AD3d 777, 778). "Implicit in this concept is that the testimony offered by the People in first presenting their case must be credible" (People v Harris, 192 AD3d 151, 158 [internal quotation marks omitted]; see People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). "Once the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal" (People v Fletcher, 130 AD3d at 1064).
Here, at a suppression hearing, the officer who arrested the defendant testified that he initially approached a stationary vehicle, occupied by the defendant and two other individuals, because it was stopped in a no-parking, no-standing zone, and because, from a distance of approximately 20 feet, he could smell the odor of burnt marijuana and see the occupants of the vehicle passing back and forth what appeared to be a lit marijuana cigarette. The officer testified that, upon approaching the vehicle, he observed the defendant, seated in the driver's seat, throw a marijuana cigarette out of the window of the vehicle. The defendant was ordered out of the vehicle, and the officer conducted an initial search of the defendant, noticing a hard object in the defendant's buttocks area, which the officer did not believe to be a weapon. The officer concluded that a more thorough search of the defendant should be conducted in the safety of the police precinct station. Upon arrival at that location, the defendant was directed to an area adjacent to the prisoner holding cells, where searches where conducted, and, when the officer shook the defendant's sweatpants, a clear plastic bag containing narcotics fell to the ground.
The defendant testified at the hearing that he was smoking a tobacco cigarette at the time the officer approached and was not smoking marijuana. According to the defendant, after he was transported to the police precinct station, he was subjected to a manual body cavity search, during which the narcotics were recovered from inside of his rectal area.
"A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (id.). "'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value'" (People v Garafolo, 44 AD2d 86, 88, quoting 22 NY Jur, Evidence § 649; see People v Moore, 166 AD3d 654, 654). "'Credibility is a many faceted concept . . . requiring a careful assessment of a number of subtle factors before testimony can be labeled as believable or unbelievable'" (People v Harris, 192 AD3d at 162, quoting People v Wise, 46 NY2d 321, 325).
Here, contrary to the defendant's contention, the record does not compel a conclusion that the arresting officer's testimony was "patently tailored to meet constitutional objections" (People v Maiwandi, 170 AD3d 750, 751) or entirely contrary to common sense and experience (cf. People v Harris, 192 AD3d at 164-165). Under the circumstances, we see no reason to disturb the Supreme Court's credibility findings (see People v Houston, 177 AD3d 902, 903). Thus, according to the arresting officer's testimony, he had an objective, credible reason to approach the defendant's vehicle (see People v Semanek, 30 AD3d 547, 548) and probable cause to arrest the defendant for criminal possession of marijuana in the fifth degree (see People v Morgan, 10 AD3d 369, 370). Incident to such lawful arrest, the officer was authorized to conduct a search of the defendant's person at the scene (see Chimel v California, 395 US 752, 762-763; People v Evans, 43 NY2d 160, 165; People v Vanderpool, 157 AD3d 831, 832) and, for safety purposes, to further search the defendant upon returning to the precinct station (see People v Troiano, 35 NY2d 476, 478). As such, the People established in the first instance that the physical evidence was lawfully recovered.
Likewise, we find no basis to disturb the Supreme Court's determination not to credit the defendant's hearing testimony. It follows from such determination that the defendant failed to meet his ultimate burden (see People v Berrios, 28 NY2d at 367-368) of establishing that the police conduct was unlawful on the ground that he was subjected to a warrantless cavity search at the precinct station (see People v Hall, 10 NY3d 303, 310-311). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court