People v Hay (2022 NY Slip Op 04737)

People v Hay

2022 NY Slip Op 04737

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2016-09387
 (Ind. No. 9123/14)

[*1]The People of the State of New York, respondent,
v
Rashan A. Hay, appellant.

Patricia Pazner, New York, NY (Tammy E. Linn of counsel), for appellant, and appellant pro se. 
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered August 10, 2016, convicting him of burglary in the second degree as a sexually motivated felony, burglary in the second degree, attempted rape in the first degree, attempted assault in the third degree, and unlawful possession of marihuana, after a nonjury trial, and imposing sentence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed insofar as reviewed.
The defendant only partially preserved for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention with respect to the duration of the order of protection is unpreserved for appellate review, since the defendant did not raise it at sentencing or move to amend the order (see People v Nieves, 2 NY3d 310, 316-317; People v Sutki S., 185 AD3d 610, 611-612; People v Rodriguez, 157 AD3d 971), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's conviction of unlawful possession of marihuana "'became a nullity by operation of law, independently of any appeal, and without requiring any action by this [c]ourt,'" pursuant to CPL 160.50(5) (as added by L 2019, ch 131 [eff Aug. 28, 2019]) (People v Johnson, 73 [*2]Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), quoting People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439[U], *1 [App Term, 1st Dept]). Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439 [U], *1).
The People correctly concede that the defendant's conviction of burglary in the second degree and the sentence imposed thereon, must be vacated, and that count of the indictment dismissed, as it is an inclusory concurrent count of burglary in the second degree as a sexually motivated felony (see People v Jackson, 144 AD3d 945, 946).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court