People v Wynn (2022 NY Slip Op 04982)

People v Wynn

2022 NY Slip Op 04982

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2018-14945
 (Ind. No. 140/16)

[*1]The People of the State of New York, respondent,
v
Tyrone Wynn, appellant.

Randall Richards, Bronxville, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Jill Oziemblewski of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), rendered November 13, 2018, convicting him of criminal possession of a weapon in the second degree (three counts), criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree (two counts), and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the fifth degree is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
The defendant's conviction of criminal possession of marihuana in the fifth degree "'became a nullity by operation of law, independently of any appeal, and without requiring any action by this [c]ourt,'" pursuant to CPL 160.50(5) (as added by L 2019, ch 131 [eff Aug. 28, 2019]) (People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), quoting People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439[U], *1 [App Term, 1st Dept]). Consequently, the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the fifth degree must be dismissed as academic (see People v Hay, ___ AD3d ___, 2022 NY Slip Op 04737 [2d Dept]; People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439 [U], *1).
The defendant's challenge to the legal sufficiency of the evidence is largely unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492-493). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not [*2]against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's specific contentions regarding the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) are unpreserved for appellate review (see CPL 470.05[2]; People v Jones, 173 AD3d 1062; People v Beaupre, 170 AD3d 1031). In any event, the court's Sandoval ruling was a provident exercise of discretion, as it constituted an appropriate compromise which balanced the probative value of the proffered evidence against the prejudice to the defendant (see People v Dudley, 203 AD3d 1066).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court