People v Lester (2022 NY Slip Op 04977)

People v Lester

2022 NY Slip Op 04977

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2018-04857
 (Ind. No. 1171/15)

[*1]The People of the State of New York, respondent,
v
Olean Lester, appellant.

Patricia Pazner, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollack of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered April 4, 2018, convicting him of criminal possession of a weapon in the second degree, criminal possession of marihuana in the third degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, upon reargument, of the defendant's motion to controvert a search warrant, as well as the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.
ORDERED that the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the third degree is dismissed as academic; and it is further,
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of criminal possession of a weapon in the fourth degree predicated on the defendant's possession of a gravity knife, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed insofar as reviewed.
The defendant's conviction of criminal possession of marihuana in the third degree "'became a nullity by operation of law, independently of any appeal, and without requiring any action by this [c]ourt,'" pursuant to CPL 160.50(5) (as added by L 2019, ch 131 [eff Aug. 28, 2019]) (People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), quoting People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439[U], *1 [App Term, 1st Dept]). Consequently, the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the third degree must be dismissed as academic (see People v Hay, ___ AD3d ___, 2022 NY Slip Op 04737 [2d Dept]; People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439 [U], *1).
On December 18, 2014, the police executed a warrant to search the defendant's home, seizing, inter alia, a loaded, sawed off shotgun, a switchblade, a gravity knife, a quantity of [*2]marihuana, and $3,295 in United States currency. The defendant was present in the home at the time of the search, along with his then four-year-old daughter. The defendant was subsequently convicted, after a jury trial, of criminal possession of a weapon in the second degree with respect to the shotgun, criminal possession of marihuana in the third degree, endangering the welfare of a child, as well as two counts of criminal possession of a weapon in the fourth degree—one for the gravity knife and the second for the switchblade.
Contrary to the defendant's contention, under the circumstances presented, the Supreme Court did not err in denying, upon reargument, the defendant's motion to controvert the search warrant (see generally People v Nieves, 36 NY2d 396, 401).
The defendant's contention that the Supreme Court should have suppressed his videotaped statement to law enforcement officials is academic because the statement was not introduced at trial (see People v Joseph, 97 AD3d 838; People v Carlucci, 80 AD3d 621). In any event, the contention lacks merit.
The defendant contends that his convictions of criminal possession of a weapon in the second and fourth degrees and endangering the welfare of a child are against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the conviction of criminal possession of a weapon in the fourth degree predicated on the defendant's possession of a gravity knife should be vacated because Penal Law § 265.01(1) has since been amended to decriminalize the simple possession of a gravity knife. The People, in the exercise of their broad prosecutorial discretion, agree that the judgment should be modified by vacating that conviction. Even though the statute decriminalizing the simple possession of a gravity knife did not take effect until May 30, 2019 (see L 2019, ch 34, § 1), under the circumstances of this case, we vacate that conviction and the sentence imposed thereon, and dismiss that count of the indictment, as a matter of discretion in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Merrill, 187 AD3d 1058).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BRATHWAITE NELSON, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court