People v Augustin (2022 NY Slip Op 04972)

People v Augustin

2022 NY Slip Op 04972

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-00923
 (Ind. No. 327/18)

[*1]The People of the State of New York, respondent,
v
Bradley Augustin, appellant.

Larkin, Ingrassia, LLP, Newburgh, NY (John Ingrassia of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J., at plea; Robert H. Freehill, J., at sentence), rendered December 12, 2020, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, resisting arrest, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Craig Stephen Brown, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
The defendant's conviction of unlawful possession of marihuana "'became a nullity by operation of law, independently of any appeal, and without requiring any action by this [c]ourt,'" pursuant to CPL 160.50(5) (as added by L 2019, ch 131 [eff Aug. 28, 2019]) (People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), quoting People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439[U], *1 [App Term, 1st Dept]). Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Hay, ____ AD3d ____, 2022 NY Slip Op 04737 [2d Dept]; People v Johnson, 73 Misc 3d 127[A], 2021 NY Slip Op 50885[U], *2; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 59439 [U], *1).
The County Court properly denied suppression of the physical evidence. "'The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record'" (People v Peterson, 22 AD3d 770, 771, quoting People v Parker, 306 AD2d 543, 543; see People v Benbow, 193 AD3d 869, 871). Here, contrary to the defendant's contention, the record supports the court's factual findings that the defendant was not subjected to a strip search or a cavity search (see People v Julien, 201 AD3d 948, 950; People v Lesane, 184 AD3d 461, 461; People v Placek, 58 AD3d 538, 539; People v Brown, 24 AD3d 565, 565). Moreover, contrary to the defendant's contention, the police [*2]officers' actions, as found by the court, of patting down the defendant incident to a lawful arrest and then reaching into the defendant's pant leg and underwear to recover two bags of drugs near his groin and buttocks, were reasonable under the circumstances (see People v Lesane, 184 AD3d at 461; People v Rasul, 121 AD3d 1413, 1415-1416; People v Contant, 90 AD3d 779, 780; People v Glanton, 72 AD3d 1536, 1537).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court