People v Ortiz (2024 NY Slip Op 06672)

People v Ortiz

2024 NY Slip Op 06672

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind. No. 3218/17, 043791/17 Appeal No. 3044 Case No. 2019-1453, 2023-05268 

[*1]The People of the State of New York, Respondent,
v
Robert Ortiz, Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression hearing; Daniel Conviser, J., at restraint hearing; Ruth Pickholz, J. at trial and sentencing), rendered October 4, 2018, as amended April 15, 2019 and December 21, 2022, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed. Order, same court (Pickholz, J.), entered on or about December 27, 2018, which denied defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. In the early morning hours, in an area with a high incidence of drug trafficking, a trained and experienced narcotics officer saw defendant being let inside a building by a man who handed him money. Defendant counted the money, after which he removed a small plastic bag from his back waist area underneath his pants and handed items from the bag to the other man. Although the officer could not see the items handed over, he believed he had just observed a drug transaction (see People v Martin, 197 AD3d 434, 434-435 [1st Dept 2021], lv denied 37 NY3d 1097 [2021]). Probable cause does not require certainty, and the totality of circumstances provided probable cause for defendant's arrest (see People v Jones, 90 NY2d 835, 837 [1997]; People v McRay, 51 NY2d 594, 603-604 [1980]).
The officer did not conduct a strip search; rather, he pulled defendant's pants and underwear forward, without pulling his pants down, and reached into defendant's underwear to retrieve a bag that contained drugs. Defendant was not disrobed in any way, and the record does not show that his genitals were exposed to the view of the officer or the public (see People v Lesane, 184 AD3d 461, 461 [1st Dept 2020]; see People v Butler, 27 AD3d 365, 369 [1st Dept 2006], lv dismissed 6 NY3d 893 [2006]).
Although the Fifth and Fourteenth Amendments prohibit "routinely" placing defendants in physical restraints before the jury, a court may order the use of restraints where their "use is justified by an essential state interest — such as the interest in courtroom security — specific to the defendant on trial" (Deck v Missouri, 544 US 622, 624, 627 [2005]). The trial court may do so only after making individualized findings on the record, focused on the three fundamental considerations of the presumption of innocence, securing a meaningful defense, and maintaining dignified proceedings (id. at 630-632; see People v Clyde, 18 NY3d 145, 152 [2011], cert denied 566 US 944 [2012]). Where a court has conducted a sufficient inquiry and has considered the relevant factors, it has "broad discretion in deciding whether a restraint is necessary for courtroom security" (People v Buchanan, 13 NY3d 1, 4 [2009]).
Here[*2], defendant was not deprived of his right to a fair trial and to be present at his trial when the court, after conducting a hearing, determined that defendant could not be physically present at trial unless he wore a spit mask and leg shackles. The hearing evidence demonstrated the need for both leg shackles and a spit mask, based on defendant's disruptive, belligerent conduct at the suppression hearing, his repeated use of profanities against the court, his threat to physically injure the court officers, and his act of spitting at the court officers, hitting one officer with spit near his eye. "A court with a reasonable basis for its safety concerns based on a defendant's prior violent conduct, disrespect for the solemnity of the proceedings, and inability to maintain their composure . . . need not wait until the court's fears are realized" before imposing restraints or restrictions on a defendant's presence at trial (People v Dunton, 42 NY3d 97, 109 [2024]). Defendant was not deprived of his right to be present at trial, where he was given the choice of appearing by video conference rather than appear with physical restraints, as he chose to do. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024