People v Williams

2026 NY Slip Op 01996

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Chadd Williams, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-09279, (Ind. No. 72089/22)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

Richard M. Langone, Garden City, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel and Thomas Califano on the brief), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (Tammy S. Robbins, J.), rendered September 9, 2024, convicting him of criminal contempt in the first degree, criminal contempt in the second degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal contempt in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the People correctly concede, the defendant's conviction of criminal contempt in the second degree must be vacated since that count is a lesser included offense of the crime of criminal contempt in the first degree (see CPL 300.40[3][b]; Penal Law §§ 215.51, 215.50; People v Miller, 6 NY3d 295, 300; People v Saenger, 202 AD3d 1001, mod 39 NY3d 433; People v Mingo, 66 AD3d 1043, 1045).

The defendant's contention that the County Court should have suppressed the defendant's statements to law enforcement officials is academic because the statements were not introduced at trial (see People v Lester, 208 AD3d 684, 685; People v Joseph, 97 AD3d 838, 839; People v Carlucci, 80 AD3d 621).

Moreover, the defendant failed to preserve for appellate review his contention that alleged investigatory failures of the police, along with the People's failure to call certain witnesses at trial, deprived him of his right to a fair trial (see CPL 470.05; People v Balls, 69 NY2d 641, 642; People v Charleston, 56 NY2d 886, 887). In any event, the loss of notes taken by a police officer regarding a conversation he had with the complainant and another individual did not constitute reversible error. "The police do not have a duty to preserve all material that might be of conceivable evidentiary significance" (People v Scattareggia, 152 AD2d 679, 679; see People v Haupt, 71 NY2d 929, 931), and the content of the conversation was, in any event, largely captured on the officer's body-worn camera, which was made available to the defense. Defense counsel also extensively cross-examined the officer on the absence of the notes, commented on the issue during summation, and attempted to use the absence to the defendant's advantage by obtaining an adverse inference [*2]charge (see People v Scattareggia, 152 AD2d at 680), and the defendant waived any claim that the adverse inference charge as given was insufficient (see People v Whalen, 59 NY2d 273, 280).

Additionally, the People's failure to call the complainant and investigating detective as witnesses at trial did not inherently deprive the defendant of a fair trial, as "[i]t is not incumbent upon the prosecution 'to call at trial every witness to a crime or to make a complete and detailed accounting to the defense of all law enforcement investigatory work'" (People v Buckler, 39 NY2d 895, 897, quoting People v Stridiron, 33 NY2d 287, 292). In any event, there was no evidence that either the complainant or the lead detective would have been expected to provide material, noncumulative testimony favorable to the defense, such that an unfavorable inference could have been drawn from these witnesses' failure to testify at trial (see People v Savinon, 100 NY2d 192, 197; People v Gonzalez, 68 NY2d 424, 427). Finally, the defendant's contention that the police should have obtained surveillance footage of the incident in question is speculative and may not be reviewed on the record before us (see People v Dixon, 138 AD3d 1016, 1017).

The defendant's remaining contentions are without merit.

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court