People v Ndaula (2023 NY Slip Op 00109)

People v Ndaula

2023 NY Slip Op 00109

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2018-15120
 (Ind. No. 9834/16)

[*1]The People of the State of New York, respondent,
v
Alexander Ndaula, appellant.

Patricia Pazner, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered July 18, 2018, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted on charges of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree (three counts), criminal possession of a controlled substance in the fifth degree (four counts), criminal possession of a controlled substance in the seventh degree (five counts), and criminal possession of a weapon in the fourth degree. On July 18, 2018, the defendant entered a plea of guilty to one count of criminal possession of a weapon in the fourth degree predicated on his possession of a gravity knife, in full satisfaction of the indictment.
The defendant contends that the judgment of conviction should be reversed because shortly after his conviction, Penal Law § 265.01(1) was amended to decriminalize the mere possession of a gravity knife. The Court of Appeals has long held that nonprocedural statutes "are not to be applied retroactively absent a plainly manifested legislative intent to that effect" (People v Oliver, 1 NY2d 152, 157). Here, the legislature did not explicitly state that the amendment should be applied retroactively (see People v Johnson, 192 AD3d 603; People v Alston, 184 AD3d 415; People Caviness, 176 AD3d 522; see also People v Busch, 76 Misc 3d 136[A]; People v Banos, 68 Misc 3d 1). While the Court of Appeals has carved out an exception to this general rule when the legislature passes an ameliorative amendment that reduces the punishment for a particular crime (see People v Oliver, 1 NY2d at 158-160; see also People v Behlog, 74 NY2d 237, 240), it has distinguished that situation from cases such as this in which the law decriminalizes certain conduct. In the latter case, the Court of Appeals noted that "the 'State may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed'" (People v Behlog, 74 NY2d at 242, quoting People v Oliver, 1 NY2d at 161 n 3). Further, under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to vacate the judgment and dismiss the indictment (see CPL 470.15[6]; People v Torres, 73 Misc 3d 128[A]; cf. People v Lester, 208 AD3d 684; People v Merrill, 187 AD3d 1058).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court