*United States of America v. Marrero*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

―――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          22-2030

CHRISTOPHER MARRERO,

> *Defendant-Appellant.*

―――――――――――――――――――――――――――――――――

FOR DEFENDANT-APPELLANT:                    ALLEGRA GLASHAUSSER, Assistant Federal Defender, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE: ANDREW D. WANG (Nicholas J. Moscow, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 12, 2022, is **REVERSED**.

Defendant-Appellant Christopher Marrero ("Marrero") appeals from the district court's September 12, 2022, judgment, rendered following a guilty plea, convicting him of one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court sentenced Marrero to time served and five years' supervised release.

On appeal, Marrero argues that the district court erred in denying his motion to dismiss the indictment based on its conclusion that he had a continuing registration obligation under the Sex Offender Registration and Notification Act ("SORNA"). We agree. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

2

## BACKGROUND

In March 2001, Marrero was convicted of attempted rape in the second degree in violation of New York Penal Law § 130.30. Thereafter, he moved to Florida. In May 2018, Marrero moved from Florida back to New York, but did not update his sex offender registration. Marrero was subsequently indicted for his failure to register in December 2019.

Prior to pleading guilty to the failure to register charge, Marrero moved to dismiss the indictment for failure to state an offense. In that motion, he argued that his prior state law conviction renders him a Tier I sex offender under SORNA, subjecting him to a 15-year federal registration obligation that expired prior to his instant failure to register.[1] The district court disagreed and concluded that Marrero qualified as a Tier II sex offender, requiring 25 years of registration.

## DISCUSSION

Marrero contends that the district court erred in failing to dismiss the indictment, and that his judgment of conviction should therefore be vacated. "In considering his challenge on appeal, we review *de novo* any questions of law arising from the District Court's judgment . . . ." *United States v. Peeples*, 962 F.3d 677, 683 (2d Cir. 2020).

---

[1] At oral argument, Marrero's counsel represented that her client's registration is currently up to date and that, irrespective of any federal obligations, he is subject to a lifetime registration requirement under New York law.

3

SORNA sets forth three registration tiers: Tier I, II, and III, which depend on the nature of the sex offense for which the offender was previously convicted. *See* 34 U.S.C. § 20911(2)–(4). A person qualifies as a Tier II sex offender if they were convicted of a felony offense against a minor that is "comparable to or more severe than" an enumerated list of offenses that includes "abusive sexual contact (as described in section 2244 of title 18)." *Id.* § 20911(3)(A)(iv). As relevant here, abusive sexual contact under 18 U.S.C. § 2244 includes "knowingly engag[ing] in a sexual act with" a minor who (1) is between the ages of 12 and 16 and (2) is at least four years younger than the perpetrator. 18 U.S.C. §§ 2243(a), 2244(a)(3). On the other hand, a person is a Tier I "sex offender" if their offense does not meet the Tier II or III criteria.[2] *See* 34 U.S.C. § 20911(2).

For purposes of this appeal, we employ the categorical approach to determine the SORNA tier classification of Marrero's prior conviction.[3] The categorical approach calls for courts to "'identify the minimum criminal conduct necessary for conviction under a particular statute' by 'looking only to the statutory definitions—i.e., the elements—of the offense, and not to the particular underlying facts.'" *Hylton v. Sessions*, 897 F.3d 57, 60 (2d

---

[2] A person qualifies as a Tier III sex offender if they were convicted of a felony offense that is "comparable to or more severe than" an enumerated list of aggravated offenses. 34 U.S.C. § 20911(4). The government does not contend that Marrero's prior conviction is a Tier III offense.

[3] The district court applied the categorical approach, in accordance with every Court of Appeals that has considered the issue. Although the Second Circuit has not yet addressed this issue, we need not do so here as the government does not challenge the district court's conclusion that the categorical approach applies to evaluating offense tiers under SORNA. *See* Appellee's Br. 9 n.2. Thus, we assume without deciding that the categorical approach applies.

Cir. 2018) (quoting *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018)). "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

Our analysis of the elements of second-degree attempted rape is complicated by a change in New York law after Marrero's arrest but before his guilty plea. At the time of Marrero's 2000 arrest, New York Penal Law § 130.30 prohibited a person 18 years or older from engaging in sexual intercourse with a person under the age of 14. *See* N.Y. PENAL LAW § 130.30 (McKinney 2000) (the "2000 Statute"). However, on February 1, 2001, prior to Marrero's guilty plea, a new version of the statute went into effect. The new version expanded the scope of criminal conduct by criminalizing sexual intercourse between a person 18 years or older and a person under the age of 15. *See* N.Y. PENAL LAW § 130.30 (McKinney 2022) (the "2001 Statute").

As discussed above, the relevant Tier II SORNA offense requires an age difference of at least four years between the victim and perpetrator. *See* 18 U.S.C. § 2243(a), 2244(a)(3). The 2001 Statute is therefore not a categorical match, as it can be violated by sexual intercourse between a person who is 18 years old and another person between the ages of 14 and 15, which is an age difference of less than four years. *See, e.g., United States*

5

*v. Escalante*, 933 F.3d 395, 402 (5th Cir. 2019) ("Looking solely at the elements then, the Utah offense criminalizes consensual sexual contact between an 18-year-old and a 15-year-old, whereas the federal statute does not. Thus, under the categorical approach, the Utah offense sweeps more broadly than the comparable federal offense and cannot serve as a proper predicate for a SORNA tier II sex offender designation." (internal quotation marks omitted)). Meanwhile, the 2000 Statute prohibited sexual intercourse by a person 18 years or older with a person under the age of 14, requiring a minimum age difference of four years. *See* N.Y. PENAL LAW § 130.30 (McKinney 2000). Therefore, the 2000 Statute is a categorical match to a Tier II SORNA offense. Thus, Marrero's tier classification turns on whether he was convicted under the original or amended version of the statute.

In applying the categorical approach in other contexts, we have recognized that "federal courts are bound by the highest state court's interpretations of state law." *Matthews v. Barr*, 927 F.3d 606, 622 n.11 (2d Cir. 2019); *see also Johnson*, 559 U.S. at 138 (determining that the highest state court's determination of the elements of an offense are binding on a federal court). The New York Court of Appeals has long recognized the "general rule" that nonprocedural statutes "are not to be applied retroactively absent a plainly manifested legislative intent to that effect." *People v. Oliver*, 1 N.Y.2d 152, 157 (1956); *see also People v. Ndaula*, 179 N.Y.S. 3d 612, 613 (2d Dep't 2023) (same). Here, the legislature did not explicitly state that the amendment to New York Penal Law § 130.30 should apply retroactively. *See* Sexual Assault Reform Act, 2000 N.Y. Sess. Laws Ch. 1,

6

§ 33 (effective Feb. 1, 2001). Thus, in applying the categorical approach, "we focus on the law as it applied to [the defendant] when he committed the offense," rather than at the time the defendant was convicted. *United States v. Titties*, 852 F.3d 1257, 1262 n.2 (10th Cir. 2017).

For the first time at oral argument,[4] Marrero contended that, despite the "general rule" in New York, the 2001 Statute is the operative statute for applying the categorical approach because there is no evidence in the record that the court can consider that identifies the date of Marrero's offense or that establishes that his guilty plea was based on the conduct for which he was arrested on November 12, 2000. Specifically, he argued that, in determining which statute to evaluate under the categorical approach, the court is limited to considering sources identified by the United States Supreme Court in *United States v. Shepard*, 544 U.S. 13 (2005). Such documents include "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in

---

[4] Ordinarily, arguments not raised in a principal brief—let alone not raised even in the reply—are considered waived. *See, e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("We begin by observing that arguments not made in an appellant's opening brief are waived even if the appellant pursued these arguments in the district court or raised them in a reply brief."). Marrero also did not raise this argument below, perhaps because appended to his motion to dismiss was his signed 2001 sex offender registration form, which lists the date of his offense as September 20, 2000. However, this court has discretion to excuse Marrero's waiver "where manifest injustice would otherwise result." *JP Morgan Chase Bank*, 412 F.3d at 428. Because ignoring this argument would lead to affirmance of his conviction for failure to register, we conclude that the manifest injustice standard is met here.

which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

In the case at bar, the only *Shepard* document in the record is Marrero's certificate of disposition, which states that he was arrested on November 12, 2000, and convicted of attempted rape in the second degree on March 12, 2001. *See United States v. Green*, 480 F.3d 627, 632 (2d Cir. 2007) (identifying a certificate of disposition as "a judicial record of the offense of which a defendant has been convicted"). The minimal information contained in that document—without reference to impermissible, non-*Shepard* evidence—leaves the court to speculate as to when the offense to which he pleaded guilty occurred. His conviction could have been based on conduct that occurred after Marrero's November 2000 arrest and the February 2001 statutory change, alleged in a superseding charging document. Or it could have occurred before his November 2000 arrest, meaning that he pleaded guilty to violating the prior version of New York Penal Law § 130.30, as the government asserts. Without an offense date listed in the *Shepard* documents, we cannot conclude with certainty that the conviction was based on conduct that occurred before the change in the law. *Pereida v. Wilkinson*, 592 U.S. 224, 238 (2021) ("[A]ny lingering ambiguity about the [*Shepard* documents] can mean the government will fail to carry its burden of proof in a criminal case."). Accordingly, because Marrero could have been convicted under either the 2000 or 2001 Statute, the "minimum criminal conduct

necessary for [Marrero's] conviction" is that under the 2001 Statute, which is not a categorical match for a Tier II offense. *Sessions*, 897 F.3d at 60.

Thus, we conclude that Marrero is a Tier I sex offender whose obligation to report under SORNA expired before the failure to update his registration charged in the instant indictment. Accordingly, the district court erred in denying the motion to dismiss the indictment for failure to state an offense.[5]

*     *     *

We have reviewed the parties' remaining arguments and find them to be unavailing. For the reasons set forth above, we reverse Marrero's conviction and direct that the indictment be dismissed.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[5] We note that the experienced district judge cannot be faulted for failing to identify a defense that was not clearly called to his attention, and his decision on the issue as framed below appears to have been correct. However, an error is "plain" when it is apparent to the appellate court. *Henderson v. United States*, 568 U.S. 266, 279 (2013) ("[I]t is enough that an error be plain at the time of appellate consideration." (internal quotation marks omitted)). We also note that the record refers to a police report suggesting that Marrero was originally arrested for statutory rape as defined under the 2000 Statute, but that evidence may not be considered for purposes of the categorical approach, and, in any event, it still does not definitively establish that he pleaded guilty to the offense charged at the time of his arrest.